IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN SHEA, JR.                )
                              )   No. 15-827
      v.                      )

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance benefits, based on various mental and physical impairments, including spinal issues and depression. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review. This appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

### OPINION

#### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in the following respects: 1) she did not adequately address medical opinion evidence, in particular those of Maria Funair, PA-C and consulting examiner Thomas Eberle, PhD; and 2) her credibility finding was based on factual inaccuracies.

As Plaintiff notes, Ms. Funair's opinion is the only opinion evidence of record by an examining source regarding Plaintiff's physical limitations. Plaintiff argues that Ms. Funair is a treating source, and that the ALJ's description of inconsistencies is inaccurate. Plaintiff further suggests that the ALJ's rejection of Ms. Funair's opinion rested on the ALJ's lay interpretations of the raw medical data.

2

Ms. Funair completed an RFC assessment, indicating that Plaintiff could sit, or stand/walk, for less than two hours in an eight hour day. She chose the option, "less than two hours," rather than "about two hours" for these limitations.

With respect to Ms. Funair, the ALJ stated as follows:

> [Ms. Funair issued a report] wherein claimant is assessed with sitting, standing, and walking for less than two hours in an eight-hour day, indicating disability. As a physician's assistant, they remain a medical source, and so I have considered the report pursuant to SSR 06-3p; however, I give the assessment very little weight. Nonetheless, I find the limitations in this report have been accommodated in the residual functional capacity adopted here.

In turn, the ALJ arrived at a residual functional capacity ("RFC") including the limitation that Plaintiff could stand and walk for two hours, and sit for six hours, in an eight hour day.

Moreover, the ALJ considered the opinion of Dr. Guie, a non-examining agency reviewer and the initial level. Dr. Guie stated that Plaintiff is able to sit for six hours, as appears in the ALJ's RFC assessment. Moreover, the initial disability determination, in which Dr. Guie's opinion appears, indicates that a consultative exam was required, because the evidence as a whole was not sufficient to support a decision on the claim.[1] In assessing Dr. Guie's opinion, the ALJ stated as follows:

> I have also assigned some weight to the opinions of the State agency medical consultants, Dr. Guie, D.O. and Dr. Rings, Psy D….The state agency medical consultants determined that the claimant's mental and physical impairments were severe, but not disabling, and I agree. The findings from claimant's mental and physical examinations do not show limitations that would prevent sedentary, unskilled work as specified in the residual functional capacity I have adopted here.

The ALJ considered the medical evidence, and determined that "[it] does not require a conclusion that the claimant is disabled…The physicians' examinations, discussed above,

---

[1] Other than Thomas Eberle's January 1, 2013 psychological assessment, which was completed prior to and reviewed in connection with the initial disability determination, no consulting examination appears in the record.

provide a basis for the finding of some limitations secondary to his impairments, but not below the sedentary exertional level."

Surveying the medical evidence to craft an RFC is, of course, the duty of the ALJ. The opinion of a treating physician's assistant is entitled to some weight as an "other source." SSR 06-03p. An ALJ should weigh such evidence along with the other evidence, assessing such factors as how long the source has known, and how frequently the source has seen, the Plaintiff. Id. While the opinion of an "other source" cannot establish the existence of impairment, it may be used as a benchmark to assess a claimant's credibility, or to evaluate an acceptable medical source opinion. Ayers v. Colvin, 2015 U.S. Dist. LEXIS 28359 (W.D. Pa. Mar. 9, 2015).

> An individual's RFC "is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." In determining a claimant's RFC, the ALJ must consider all the evidence in the record, including the medical and non-medical evidence, and the ALJ must explain his rejection of any pertinent evidence. An ALJ faced with conflicting medical opinions may choose to credit one over another as long as the ALJ gives a permissible reason for rejecting a medical opinion.

Wise v. Comm'r of Soc. Sec., 626 Fed. Appx. 357, 359 (3d Cir. 2015).

Here, the ALJ did not adequately explain her reason for affording Ms. Funair's opinion little weight. Extant medical records, which the ALJ did not reject, reveal degenerative changes, foraminal stenosis, thumb numbness, and an extensive treatment history for back pain through interventions such as surgery, radiofrequency, physical therapy, cervical injections, and pain medications, including opioids. In turn, the inconsistencies apparently relied on to discredit Ms. Funair's opinion are questionable. Plaintiff was asked, "How much can you lift, sir?," and answered, "Ten pounds at the most." This statement of ability is not inconsistent with Ms. Funair's opinion that Plaintiff can "lift and carry" less than ten pounds, as opposed to ten pounds, in a "competitive work situation." Moreover, the mere absence of carpal tunnel syndrome is not inconsistent with the opinion that Plaintiff has significant limitations with reaching, handling, or

4

fingering, or cannot use his hands, fingers, and arms 100 percent of the time for various activities during an eight-hour workday. This is especially true in light of other suggestions, in the medical record, of upper extremity issues.[2] The ALJ also points to the fact that a rhizotomy was scheduled, but Plaintiff was to let the doctor know if he decided to go through with it. Questionable relevance aside, this is not an entirely accurate characterization of the record. In August of 2013, Dr. Provenzano noted that he offered to schedule a rhizotomy, and that Plaintiff said he'd think about it. Thereafter, the records reflect that the rhizotomy was scheduled. In all, fail to see how these various facts undermine the import of Ms. Funair's conclusions.[3] As regards Dr. Guie, the ALJ's conclusory agreement with her determination of "not disabled," particularly in light of the note that a consulting exam was required, is unenlightening.

Given the sparse analysis of the opinions of record, the lack of explanation for the less-than-full weight afforded these opinions, and the broad range of medical notes in the record, the support for the RFC is uncertain. Moreover, the ALJ relied on physician reports of normal strength, lack of neurological deficits, full joint motion in the extremities, normal gait and station, and intact sensation. It is not clear how some normal or unexceptional findings, considered alongside the other not-inconsistent findings of record, support either that decision or the RFC. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." Gormont v. Astrue, 2013 U.S. Dist. LEXIS 31765 (M.D. Pa. Mar. 4, 2013) (citing Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986)). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." Moffatt v. Astrue, 2010 U.S. Dist. LEXIS

---

[2] For example, Plaintiff had a positive Spurling test in right upper extremity, per Dr. Provenzano, and suffered digit numbess.

[3] Indeed, I note, too, that the ALJ refers to as "significant" Dr. Provenazano's statement that he cannot figure out why Plaintiff is not stable. The ALJ, and the parties, do not provide a record citation to this statement. The import of that statement is unclear.

103508 (W.D. Pa. Sept. 30, 2010). While it is unclear that the ALJ relied solely on raw medical data, nor is it clear that she did otherwise. Due to the lack of explanation, I cannot adequately review the ALJ's treatment of the opinion testimony regarding Plaintiff's physical condition.

With regard to Dr. Eberle, a consulting examiner who assessed Plaintiff's mental RFC, Dr. Eberle stated that Plaintiff's limitations, due to depression, are "considerable and considered moderately-severe-to-occasionally-severe." He then checked boxes for "slight" or "moderate," rather than "marked" or "extreme" for various limitations. I find no error in the ALJ's treatment of Dr. Eberle's report.

Finally, Plaintiff challenges the ALJ's approach to his credibility. "Where medical evidence does support a claimant's complaints of pain, the complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence." Id. Because the ALJ will reassess or explain her conclusions regarding the medical record, she will also have the occasion to reassess or further explain her conclusions regarding Plaintiff's subjective complaints in light of that record.

## CONCLUSION

In sum, this matter must be remanded for further proceedings. On remand, the ALJ should clarify her approach to the medical opinion evidence of record, and clarify the medical evidence on which the RFC is based. Proceedings on remand may, and probably should, include a consultative examination regarding Plaintiff's physical impairments. An appropriate Order follows.

**ORDER**

AND NOW, this 6th day of October, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court